UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH McCRAY,

                Plaintiff,

    - against -

KINGS COUNTY SUPREME COURT JUDGE
YVONNE LEWIS, In her individual capacity
and in her official capacity,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

**16-CV-3855 (WFK)(VMS)**

KUNTZ, United States District Judge:

On July 1, 2016, Plaintiff Joseph McCray, who is incarcerated at Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 on July 1, 2016. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order, but, for the reasons set forth below, the action is dismissed.

## BACKGROUND

The Complaint states: "The Petitioner is the owner of a property located at 119 MacDonough Street Brooklyn. . . . The Petitioner was subjected to two foreclosure action[s] pursuant [to] Article 13." (Compl. at 4.) Plaintiff, who identifies himself as "the Petitioner," states that he was incarcerated at the time and that this fact was known to defendant Yvonne Lewis, who was then a justice of the New York Supreme Court. (*Id.*) Plaintiff alleges that Judge Lewis exceeded her authority by dismissing Index No. 28853/07 "based upon another action under 34487/07." (*Id.*) He states: "The summons and complaint was [*sic*] jurisdictionally defective." (*Id.*)

Plaintiff alleges: "On July 27, 2015 the Petitioner went to the Weber law firm to collect additional funds in escrow where he was arrested." (Compl. at 3.) "The Petitioner was falsely

arrested by Supreme Court Judge Yvonne Lewis and as such was illegally detained and arrested without pro[b]able cause." (Compl. at 4.) He further alleges that "Judge Yvonne Lewis assisted the law firm of Fine, Such and Crane in fraudulently attempting to steal my house." (Compl. at 5.) He states: "The Petitioner has lost income to his house and pain and suffering as a result of being falsely arrested and malicious prosecution." (Compl. at 4-5.) He seeks one million dollars in damages.

Plaintiff attaches a partial copy of Indictment Number 5847/2015, which charges plaintiff with stealing title to a property at 119 MacDonough Street, by filing a deed that falsely listed himself as the owner of the property, filing "a false court order purportedly signed by Justice Yvonne Lewis granting [Joseph McCray] full and total ownership rights for the property," and selling the property to a business entity. (Compl., Exhibit, ECF # 1, pp. 7-8.) Those charges remain pending in Kings County Supreme Court. *See* New York State Unified Court System Website, https://iapps.courts.state. ny.us/webcrim_attorney/ (last visited 8/30/16).

## DISCUSSION

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The only named defendant in this case is a retired justice of the New York Supreme Court, and the claims against her appear to involve her exercise of her judicial duties in the judicial proceedings before her. It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

In this case, Plaintiff's claims against Judge Lewis involve the decisions she made in the 2007 proceedings. The judicial decisions in cases to which she was assigned are clearly judicial acts protected by judicial immunity. The Court gives no credence to Plaintiff's conclusory claim

that Judge Lewis exceeded her authority or that the summons and complaint were jurisdictionally defective. Accordingly, all claims related to the 2007 proceedings are precluded by absolute judicial immunity and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[1]

To the extent that plaintiff seeks to blame Judge Lewis for his arrest and pending prosecution for filing a court order allegedly containing her forged signature, this claim would also be precluded by *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir.), *cert. denied*, 516 U.S. 1012 (1995). Here, the criminal case against Plaintiff is still pending, New York has an important state interest in enforcing its criminal laws, and Plaintiff is free to raise the constitutionality of his arrest and the true ownership of the property in the pending criminal proceedings. Under *Younger*, this Court cannot interfere in these proceedings, and so the claim is dismissed.

---

[1] The fact that Lewis is now retired does not impact her immunity for acts taken in her official capacity before her retirement. *See, e.g., Sparks v. Duval Cnty. Ranch Co., Inc.*, 588 F.2d 124 (5th Cir. 1979) (former state judge still cloaked with judicial immunity from bribery charge after being removed from the bench and incarcerated on income tax charges); *In re Lickman*, 304 B.R. 897, 902 n.3 (Bankr. M. D. Fla. 2004) ("Judicial immunity is still accorded a former sitting judge if the complaints against him arise from the judicial acts taken when he was a judge."); *Paulley v. New York*, No. 14-CV-3077 MKB, 2014 WL 4207615, at *3 n.4 (E.D.N.Y. Aug. 25, 2014) (claims against retired state court judge who presided over plaintiff's criminal case would be barred by judicial immunity).

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order. For the reasons set forth above, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
August 30, 2016

5